J-S02040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMIEN PHILLIPS | |
| Appellant | No. 1048 EDA 2014 |

Appeal from the PCRA Order of December 7, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1100411-1994

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED MARCH 02, 2015**

Damien Phillips appeals *pro se* from the December 7, 2010 order denying his fourth petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

On February 28, 1994, Phillips and his accomplice, Antonio Hudson, entered the San Jan Chinese Restaurant on East Adams Avenue in Philadelphia with the intent to commit a robbery.  Once inside, Phillips ran behind the counter and pushed an employee, Xia Gan Lin, to the floor.  Hudson then pointed his gun at Lin while Phillips went into the kitchen.  While in the kitchen, Phillips forced Xiaohuang Wang and Kim Wing Lam to the floor, and shot each man in the head at close range.  Phillips then returned to the front of the store, grabbed Lin, and ordered him to open the cash register at gunpoint.  Hudson grabbed the money out of each cash

register, and as he fled, Phillips shot Lin. Wang and Lam were found dead in the kitchen with bullet wounds to their heads, and Lin died ten days later. Trial Court Opinion ("T.C.O."), 5/30/1996, at 1-2.

On July 26, 1995, a jury convicted Phillips of three counts each of first-degree murder and robbery, and one count each of criminal conspiracy and possessing instruments of a crime.[1] On July 27, 1995, the trial court sentenced Phillips to three consecutive terms of life imprisonment for the murder convictions, plus a consecutive term of thirty-seven and one-half to seventy-five years' imprisonment for the remaining offenses. This Court affirmed the judgment of sentence on May 30, 1996, and our Supreme Court denied Phillips' petition for allowance of appeal on November 1, 1996. Phillips did not seek further review with the United States Supreme Court. Consequently, Phillips' judgment of sentence became final on January 31, 1997, pursuant to 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

On October 31, 1997, Phillips timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a "no-merit" letter.[2] On December

---

[1]    18 Pa.C.S §§ 2502(a), 3701, 903, and 907, respectively.

[2]    ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

- 2 -

3, 1998, the court denied PCRA relief and permitted counsel to withdraw. On March 9, 2000, this Court affirmed the order denying PCRA relief, and, on September 19, 2000, our Supreme Court denied Phillips' petition for allowance of appeal.

On March 18, 2004, Phillips filed his second *pro se* PCRA petition. On June 8, 2004, the PCRA court denied PCRA relief. On June 14, 2005, this Court affirmed the order denying PCRA relief, and, on December 21, 2005, our Supreme Court denied Phillips' petition for allowance of appeal.

On February 3, 2006, Phillips filed a third *pro se* PCRA petition, claiming to have obtained after-discovered evidence of ineffective assistance of counsel. Phillips argued that his counsel failed to make use of a letter that he received from a fellow inmate, which included information that Phillips' accomplice, Hudson, had told that inmate that he wanted to make sure that Phillips was convicted for the shooting in revenge for Phillips "crossing his people." PCRA Court Opinion ("P.C.O"), 5/13/2014, at 3. On July 25, 2007, the court denied PCRA relief. On March 11, 2009, this Court affirmed the order denying PCRA relief. Phillips did not seek further review with our Supreme Court.

On April 14, 2009, Phillips filed a fourth *pro se* PCRA petition. In it, Phillips alleged an "unspecified violation of the constitution and laws and the discovery of previously unavailable exculpatory evidence." P.C.O. at 3. Specifically, Phillips received an affidavit from his co-defendant, Hudson, in which Hudson recanted certain trial testimony, and stated that he falsely

testified at trial in order to avoid the death penalty.  P.C.O. at 3.  Therein, Hudson maintained that Phillips was the only shooter, but, unlike his trial testimony, stated that he and Phillips did not plan to rob the restaurant when they first arrived.  Hudson explained that Phillips became infuriated when the employees took too long to serve Phillips his food, and that Hudson only took money from the cash register after Phillips shot the first two victims.  P.C.O. at 5.

On November 9, 2010, the PCRA court provided notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P 907.  On November 29, 2010, Phillips filed a *pro se* response to the Rule 907 notice, and on December 7, 2010, the PCRA court denied PCRA relief.  Phillips did not file a notice of appeal.

On March 10, 2011, Phillips filed a fifth *pro se* PCRA petition.  Therein, Phillips argued that the PCRA court did not provide Phillips with notice of the order dismissing his fourth PCRA petition, which denied him the opportunity to pursue an appeal.  On April 27, 2011, Phillips filed a *pro se* supplemental petition and memorandum of law.  On July 5, 2012, Phillips filed a *pro se* amended petition, in where he raises additional claims relating to the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (U.S. 2012).  On July 8, 2012, the PCRA court issued a Rule 907 notice; the PCRA court denied PCRA relief on May 8, 2013.

On December 13, 2013, this Court vacated the order dismissing Phillips' fifth PCRA petition, and remanded to the PCRA court with

instructions to reinstate Phillips' right to file a notice of appeal *nunc pro tunc* from the December 7, 2010 order dismissing his fourth PCRA petition. On February 21, 2014, the PCRA court reinstated Phillips' right to file an appeal *nunc pro tunc*. On March 14, 2014, Phillips filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 14, 2014, the PCRA court filed its Pa.R.A.P. 1925(a) opinion. On January 5, 2014, Phillips filed a supplemental brief requesting that this Court take judicial notice of a generally known "medical" fact.[3]

Phillips raises four questions for this Court's consideration:

> I. Whether the [PCRA] [c]ourt erred in dismissing [Phillips'] petition as untimely, without a hearing, where a court order of separation barred [Phillips'] access and rendered any exercise of due diligence fruitless and unreasonable?
>
> II. Whether the [PCRA] court erred in dismissing [Phillips'] claim of after-discovered evidence without hearing testimony from a critical cooperating co-conspirator who recanted his trial testimony, where, said testimony was perjured and the primary basis upon which [Phillips'] guilt was predicated?
>
> III. Whether the [PCRA] court erred and denied [Phillips] the right to due process of law under the State and Federal Constitution, and his right to a proper legal evaluation of the reliability and effect of his claim of a ***Napue v.***

---

[3]    In his supplemental brief, Phillips argues that the medical evidence presented by the Commonwealth fails to show that he shot the victims at close range, due to a lack of gunpowder residue around their wounds. Supplemental Brief for Phillips at 2. However, because his fourth petition is untimely, this irrelevant contention is moot, and we need not address it.

*Illinois*[3] violation, by dismissing [Phillips'] petition as untimely?

IV. Whether the [PCRA] court committed an error of law in dismissing [Phillips'] claim of a [n]ew [r]ule of Constitutional Law as untimely?

Brief for Phillips at 4-5.

Our standard of review from an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

As a preliminary matter, we must determine whether Phillips' fourth PCRA petition was timely. It is well established that the PCRA time limits are jurisdictional, and are meant to be both mandatory and applied literally by the courts to all PCRA petitions, regardless of the potential merit of the claims asserted. *Commonwealth v. Murray*, 753 A.2d 201, 202-03 (Pa. 2000); *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Murray*, 753 A.2d at 203; *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

_____

[3] *Napue v. Illinois*, 360 U.S. 264 (1959).

Section 9545(b) sets forth the time limitations for filing a PCRA petition as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

When an appellant files a facially untimely petition under the PCRA, and fails expressly to invoke any of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny the appellant relief. *See, e.g., Commonwealth v. Wilson*, 824 A.2d 331, 336 (Pa. Super. 2003) ("Appellant's failure to timely file his PCRA petition, and his failure to invoke any of the exceptions to the timeliness requirements of the PCRA, results in an untimely PCRA petition under any analysis.").

On January 31, 1997, Phillips' judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(3). Phillips had until February 2, 1998 to file a timely petition.[4] On April 14, 2009, he filed the instant petition, over eleven years after the expiration of the applicable one-year period. Therefore, the petition is untimely on its face. 42 Pa.C.S. § 9545(b)(1).

Phillips relies upon the newly discovered fact exception in his attempt to overcome the PCRA's applicable time bar. 42 Pa.C.S. § 9545(b)(1)(ii). This exception requires a petitioner to demonstrate that he did not know the facts upon which he based his petition. Moreover, the petitioner must demonstrate that he could not have learned of these facts earlier through the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence requires a PCRA petitioner to take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). Notably, "[t]he newly discovered evidence exception . . . does not require a merits analysis of the claim in order for it to qualify as timely and warranting merits review. The exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Commonwealth v. Lambert*, 884 A.2d 848, 852 (Pa. 2005).

---

[4] January 31, 1998 fell on a Saturday.

Specifically, Phillips argues that the PCRA court erred in denying his petition because he demonstrated the existence of newly discovered, exculpatory facts, revealed in an affidavit by his co-defendant, Hudson. P.C.O. at 4. We disagree. First, Hudson's affidavit confirms Phillips' guilt, as Hudson once again maintains that Phillips was the only shooter. The only deviation from Hudson's trial testimony is his claim that he and Phillips did not originally plan to rob the restaurant before they arrived, and that Phillips only began to shoot the victims after he became irritated when the victims took too long to serve his food. P.C.O. at 5. However, this evidence is not "new," and Phillips, as the shooter, failed to explain why he could not have learned of Hudson's alleged false statements at trial at any point in the past eleven years.

Hudson's affidavit cannot be used as a basis for relief under section 9545(b)(1)(ii), because it is simply a new source for previously known facts. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008); *Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) ("The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts."). His affidavit not only confirms Phillips' guilt as the lone shooter, but it fails to offer any new facts that Phillips was unaware of at trial. Even if any of the events recounted in Hudson's testimony were false, Phillips would have clearly been aware of those falsities at trial, as he was party to those events. Moreover, in his untimely third PCRA petition, Phillips already claimed to have had new

- 9 -

evidence of Hudson's false testimony, offered in a letter that he received from a fellow inmate, which stated that Hudson told the inmate he gave false testimony to ensure that Phillips was convicted. P.C.O. at 3.

Therefore, Hudson's affidavit offers no newly discovered facts, and Phillips failed to demonstrate why he could not have obtained these facts earlier with the exercise of due diligence. As a result, Phillips has failed to plead or prove a statutory exception to the time bar.

Accordingly, the PCRA court correctly determined that it was without jurisdiction to address the merits of the issues raised by Phillips' untimely PCRA petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2015